IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WILLIAM LIGHTNER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV08-259-S-BLW-REB |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| PAMELA HUNTSMAN, THOMAS | ) | |
| HEARN, GARY HORTON, and | ) | |
| MOSELCLENE SUNDERLAND, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is Defendants' Motion to Dismiss (Docket No. 17),
brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  All pretrial
matters in this case have been referred from the District Court pursuant to 28 U.S.C. §
636(b) and Local Civil Rule 72.1(a)(3).  (Docket No. 8.)  Having fully reviewed the
record, the Court finds that the parties have adequately presented the facts and legal
arguments in the briefs and record and that the decisional process would not be
significantly aided by oral argument.  Therefore, in the interest of avoiding further delay,
the Court shall review this matter on the written motion, briefs, and record without oral
argument.  Dist. Idaho Loc. Civ. R. 7.1(d).  Accordingly, the Court enters the following
Report and Recommendation pursuant to 28 U.S.C. § 636(b).

**REPORT AND RECOMMENDATION - 1**

# REPORT

## A.    Background

Plaintiff William Lightner is an inmate in the custody of the Idaho Department of Correction (IDOC).  Plaintiff is currently serving a sentence of three years fixed with seventeen years indeterminate after having pled guilty to one count of lewd conduct with a minor under sixteen.  In his Complaint brought pursuant to 42 U.S.C. § 1983, Plaintiff asserts constitutional challenges related to his plea agreement and classification pursuant to Idaho law as a violent sexual predator (VSP).  Defendants are four members of the Idaho Sexual Offender Classification Board (SOCB), two state court judges who presided over cases involving the SOCB's decision to classify Plaintiff as a VSP, the prosecutor in Plaintiff's original criminal action, and the public defender in that action.

In 1993, Plaintiff was charged with three counts of lewd conduct with minor females under age sixteen in violation of Idaho Code § 18-1508.  (Docket No. 27, at p. 4.) During his criminal proceedings, Plaintiff entered into a plea agreement with the State of Idaho. Under the plea agreement, the State agreed to dismiss two of the counts and to refrain from taking additional action against him regarding other allegations surrounding Plaintiff's minor sons. The plea agreement, in relevant part, provides:

> Defendant will plead guilty to one count of Lewd Conduct with a Minor Under Sixteen (count one referencing [L.T.]) and the State will dismiss the two remaining counts alleging Lewd Conduct with a Minor.  Further, the State will take no additional action against Defendant with regard to the allegations related to his sons. (Defendant denies any wrongdoing with regard to his sons.)

(*Complaint Exhibits,* Docket No. 4 at pt. 3, p. 1.)

On January 7, 2004, the SOCB found that Plaintiff presented a high risk of committing a sexual reoffense and classified Plaintiff as a VSP for sexual offender registration purposes.  (*Id*. at pt. 4, p. 2.)  Plaintiff appealed this determination to the state district court.  *Lightner v. Idaho*, 127 P.3d 227 (Idaho App. 2005).  In Idaho, an "offender's judicial challenge to being designated a VSP initiates a 'nonadversarial' proceeding which is civil and remedial in nature."  *Id*. at 229.[1]  The district court affirmed the SOCB's VSP designation.

Plaintiff next filed an appeal with the Idaho Supreme Court.  His case was assigned to the Idaho Court of Appeals.  *Id.* at 229.  On November 21, 2005, the Idaho Court of Appeals affirmed the district court's order, holding that substantial evidence supported the district court's finding that Plaintiff posed a high risk of committing a sexual reoffense or engaging in predatory sexual conduct, such that his designation as a VSP was appropriate under the statute.  *Id.* at 231.  Plaintiff filed for rehearing, and the request was denied.  On January 4, 2006, the Idaho Court of Appeals issued its remittitur to the district court, stating that its November 21, 2005 opinion was final. (Attachments to Memorandum in support of Motion to Dismiss, Ex. A, Docket No. 17-2.)

---

[1]  Likewise, the United States Court of Appeals for the Ninth Circuit has determined that being designated a sex offender (without being actually civilly committed after incarceration) is merely a "collateral consequence of [] conviction," and that the designation is not a custodial status that permits an offender to bring a federal habeas corpus challenge. *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998).

**REPORT AND RECOMMENDATION - 3**

After his initial VSP designation and in the midst of his state court action, Plaintiff was actually released on parole on January 26, 2004.  He was later found guilty of a parole violation, leading to a parole revocation on January 12, 2006, and re-incarceration. He was given credit for 198 days of parole time toward his sentence, but forfeited 418 days, which re-set his release date to 2014 rather than 2013.  (Attachment K to Plaintiff's Affidavit, p. 30, Docket No. 28-3.)

On April 10, 2007, Plaintiff filed *Lightner v. State*, CV-OC-07-3905, another state court case concerning his VSP status.  The state court granted summary judgment and dismissed his case, and Plaintiff is currently pursuing an appeal.  Plaintiff is also currently pursuing a state habeas corpus action regarding his VSP status, *Lightner v. Ausmus, et al.*, CV-HC-2009-8616.[2]

Plaintiff filed his Complaint in the present case on June 23, 2008.  In the Initial Review Order, Judge Winmill permitted Plaintiff to proceed on claims that Defendants used the dismissed allegations and charges against him in contravention to the plea agreement (to the extent the claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)); that the Sexual Offender Registration Notification and Community Right-to-Know Act ("the Act"), Idaho Code § 18-8301, *et seq*., is unconstitutional as applied to him; and that the Act is facially unconstitutional, that is, void for vagueness because it does not define "violent."  Plaintiff was permitted to seek declaratory and injunctive relief

---

[2]  See case register of actions at https://www.idcourts.us/repository.

seeking to prohibit Defendants from applying the VSP statute to non-violent offenders, but he was not permitted to proceed on his requests that he be given time served, placed on probation, or placed on parole (remedies available only in habeas corpus). (Initial Review Order, pp. 5-7 & 10, Docket No. 8.) Plaintiff's Response to the Motion to Dismiss states that he is also pursuing damages, although that is not clear from the Complaint. (Response, p. 1, Docket No. 27.)

### B.      Standard of Law for Rule 12(b)(6) Motions

A complaint may properly be dismissed under Rule 12(b)(6) for failure to state a claim when the allegations in the complaint affirmatively show that the complaint is barred by the applicable statute of limitations. *Suckow Borax Mines Consol. v. Borax Consol.*, 185 F.2d 196, 204 (9th Cir. 1950). Where the statute of limitations is not jurisdictional, as here, the defendant bears the burden of proof to show untimeliness. *Kingman Reef Atoll Investments, L.L.C. v. U.S.*, 541 F.3d 1189, 1197 (9th Cir. 2008). In the Rule 12(b) context, all allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). However, the court may consider attachments to the complaint and documents referred to in the complaint though not

attached to it, where authenticity is not in question.  *Hal Roach Studios*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Townsend v. Columbia Operations*, 667 F.2d 844, 848-49 (9th Cir. 1982).  A court may also take judicial notice of matters of public record in the 12(b) context, such as records and reports of administrative bodies.  *Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994).

In addition, because Plaintiff is an inmate, the Court has authority to review the claims in his Complaint for failure to state a claim or immunity sua sponte.  *See* 28 U.S.C. § 1915A.

### C.    Threshold Jurisdictional Issue

Although Judge Winmill invited the parties to brief the issue of whether the *Rooker-Feldman* doctrine applied to bar Plaintiff's case, Defendants did not accept the invitation, but instead present a statute of limitations defense in their current Motion to Dismiss. (See Initial Review Order of October 21, 2008, Docket No. 8; Motion to Dismiss, Docket No. 17.)  However, because *Rooker-Feldman* is a threshold jurisdictional issue, the Court addresses it first.

Whether federal subject matter jurisdiction exists is a question of law.  *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).  A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional."  *District of Columbia Court of Appeals v.*

*Feldman*, 460 U.S. 462, 486 (1983); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  "This rule applies even though . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* at 486 (internal citation omitted).  Rather, under 28 U.S.C. § 1257, "the proper court in which to obtain such review is the United States Supreme Court." *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986).  This rule of law is known as the "*Rooker-Feldman* doctrine."

The *Rooker-Feldman* doctrine "bars federal courts from exercising subject matter jurisdiction over a proceeding in "which a party losing in state court seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (citing *Johnson v. De Grandy*, 512, U.S. 997, 1005-06 (1994)).  The doctrine bars not only issues heard in the state court action, but "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d at 1042 (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)).

The *Rooker-Feldman* doctrine does *not* bar a claim classified as a general challenge to the constitutionality of a state rule. *Feldman*, 460 U.S. at 487.  In *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280 (2005), the Supreme Court clarified and narrowed the *Rooker-Feldman* doctrine's scope.  The *Exxon* decision

stressed the "narrow" and "limited" application of the doctrine, holding that "[t]he

*Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine

acquired its name: cases brought by state-court losers complaining of injuries caused by

state-court judgments rendered before the district court proceedings commenced and

inviting district court review and rejection of those judgments."  *Id*. at 284.

The *Rooker-Feldman* question arose in *Cain v. Ryan*, 171 F.Supp. 2d 813 (N.D. Ill.

2001), a case somewhat similar to Plaintiff's.  There, a convicted sex offender who had

been referred for indefinite civil commitment sued the Illinois Special Evaluation Unit,

challenging the procedures applied in selecting sex offenders for indefinite commitment.

At the time of Cain's federal civil rights suit, the state court had adjudged him a "sexually

violent person." *Id*. at 818.   The *Cain* Court determined that the claims were barred by

*Rooker-Feldman*: "This court cannot review the constitutionality of the procedures that

resulted in that judgment without calling the validity of that judgment into question, and

this is precisely what Cain is asking the Court to do."  *Id*. at 818-19.

In this case, Plaintiff brought the following claims in his Complaint (although he

was not permitted to proceed on all of them):

> (1)    Defendants violated Plaintiff's state and federal constitutional right to be
> free from ex post facto laws when it enacted Idaho Code § 18-8301, *et seq*.
> (Complaint, ¶ 20.)

> (2)    Defendants have ignored Plaintiff's claims that his sentence has been
> unconstitutionally enhanced, violating his Eighth Amendment right to be
> free from cruel and unusual punishment, as well as the Fifth and Sixth
> Amendments.  (*Id*., ¶  21.)

**REPORT AND RECOMMENDATION - 8**

(3)     Defendant judges "have deprived Plaintiff of a fair and impartial review on the merits of Plaintiff's claims of a continuing tort regarding the violation of Plaintiff's plea agreement contract by using the uncharged conduct to deprive Plaintiff of parole and unnecessary enhancement of the criminal sentence." (*Id.*, ¶ 30.)

(4)     Defendant judges "have deprived Plaintiff of equal treatment of the law when they implemented the change in the statutory law and classified Plaintiff as a VSP when the criminal record clearly demonstrated that Plaintiff is a non-violent offender, which resulted in years of unnecessary incarceration, as well as harsher parole conditions," in violation of his Eighth and Fourteenth Amendment rights. (*Id.*, ¶ 31.)

(5)     Defendants SOCB members, Prosecutor Meehan, and Defense Counsel Guenther "refused to do anything to prevent the SOCB from using the dismissed charges to make a determination of Plaintiff's VSP status, in violation of the plea agreement, and in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights." (*Id.*, ¶¶ 35-36.)

(6)     The statute "as applied to Plaintiff is both an ex post facto law and void for vagueness, as the law was not implemented until after Plaintiff was sentenced and there is no definition for 'Violent' that would fit Plaintiff, and as a result, Plaintiff has been unnecessarily punished beyond the scope of his plea agreement, in violation of Plaintiff's Fifth, Sixth, Eighth, and Fourteenth Amendment rights." (*Id.*, ¶ 37.)[3]

Having reviewed these claims in light of the Idaho Court of Appeals' decision in

Plaintiff's VSP case, the Court concludes that Claims 1, 2, 3, and 4 are barred by *Rooker-

Feldman*.  In his Response to the Motion to Dismiss, Plaintiff plainly states: "It is

Plaintiff's constitutional right to seek justice from this Court's action *to overturn

Plaintiff's VSP designation*, granting Mr. Lightner relief, for damages, reinstating his

---

[3] Judge Winmill liberally construed this claim as alleging an as-applied and a facial statutory challenge.

parole or probation, and/or granting him time served." (Response, p. 1, Docket No. 27 (emphasis added).)  In order to bring a general constitutional challenge to a state statute that is not barred by *Rooker-Feldman*, the plaintiff must not "seek review of the [statute's] application in a particular case." *Exxon*, 544 U.S. at 286.  Here, it is clear that Plaintiff was the losing party in a case previously brought in state court; he is now complaining of injuries caused by a state court judgment; and he is now inviting the federal court to review and reject that judgment in his particular case. *See id.* at 283. *Rooker-Feldman* covers both claims that were brought, and claims that *could have been brought* in the state court VSP action. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 900-01 (9th Cir. 2003).

Liberally construed, Claim 6 can be classified as a general constitutional challenge to the VSP statute.  Plaintiff's prayer is a request that the Court "issue an injunction against the defendants ordering them to cease using the VSP statute against non-violent offenders" generally.  (Complaint, § XIII.)  *Rooker-Feldman* does not bar Plaintiff from bringing a general challenge to the statute in federal court even though he earlier presented a specific challenge as to his own circumstances in state court. *See Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 607-08 (9th Cri. 2005).

Claim 5 is of the nature of a challenge to third-party action to the extent that Plaintiff alleges failure of the prosecutor, defense counsel, and SOCB members to give effect to the plea agreement during the SOCB proceedings, rather than a direct challenge

to the state court adjudication on the VSP determination; therefore, it is not barred by *Rooker-Feldman*. *See Bianchi*, 334 F.3d at 901 ("if the injury is distinct from the state court's judgment, *i.e.*, the party maintains an injury apart from the loss in state court and not inextricably intertwined with the state judgment, res judicata may apply, but *Rooker-Feldman* does not.") (internal punctuation omitted).

Therefore, the Court concludes that, under the *Rooker-Feldman* doctrine, the federal District Court lacks subject matter jurisdiction over Claims 1, 2, 3, and 4, but not over Claims 5 and 6. Because the parties have not addressed this necessary threshold issue, they may do so in an objection to this Report and Recommendation if they disagree with the Court's analysis or conclusion.

**D.    Consideration of *Heck v. Humphrey***

A second preliminary matter is whether the decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), applies to bar Plaintiff's claims. Plaintiff's allegations lie at the intersection of habeas corpus and civil rights law. This distinction is important to the statute of limitations issue because, in some instances, a civil rights claim does not accrue and cannot be pursued until a conviction, parole revocation, or parole denial has been overturned. In *Heck v. Humphrey*, the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Id.*   As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  *Id.*

Here, Plaintiff alleges that the plea agreement that formed the basis for his guilty plea was breached when the SOCB used the information about his sons in determining Plaintiff's VSP status.  Plaintiff argues that the VSP designation should be found invalid, as a result.  He is not attempting to invalidate his original guilty plea by bringing his current claims.  Thus, the *Heck v. Humphrey* bar does not arise from his bare challenge to the VSP designation, a civil matter.  However, as Judge Winmill earlier concluded, Plaintiff's claims that the VSP designation or the breach of the plea agreement caused his parole to be revoked or denied and Plaintiff's request for reinstatement on probation or parole are outside the scope of a civil rights action, as such claims and remedies must be pursued in habeas corpus.[4]

### E.   Discussion of Timeliness Issues

The Court now considers the procedural bar question raised in Defendants' Motion to Dismiss: whether Plaintiff's complaint was filed within the two-year statute of limitations period, and, if not, whether tolling applies to excuse late filing.  The Court's recommendations on the statute of limitations issues for Claims 1, 2, 3, and 4 (the claims

---

[4]  The parties have not briefed this issue and are free to address the interplay between *Heck v. Humphrey* and the statute of limitations as it applies to the facts of this case by filing objections to this Report.

for which the Court has found that *Rooker-Feldman* applies) are made in the alternative to the Court's conclusion that subject matter jurisdiction does not lie.

   1. <u>Statute of Limitations</u>

  Statutes of limitation sometimes appear to be random and removed from the merits of the cause of action, a concept that may be difficult for litigants to understand.  In *Chase Securities Corporation v. Donaldson*, 325 U.S. 304 (1945), the United States Supreme Court provided this insight into statutes of limitation:

>   Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. *Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788. They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable and unavoidable delay. They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate.

*Id*. at 314.

  In a § 1983 federal civil rights case, the statue of limitations is determined by the law of the state in which the action arose.  *Wallace v. Kato,* 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-250 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985)).  Section 1983 claims are subject to the state statute of limitations for personal injury actions because such claims have been found analogous to actions for

injuries to personal rights.  *Wilson*, 471 U.S. at 277.[5]  In Idaho, the statute of limitations

for personal injury is two years.  Idaho Code § 5-219(4).

While state law determines the relevant statute of limitations to be applied to civil

rights actions, federal law determines when a claim accrues, or, in other words, when the

statute of limitations begins running.  *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916,

926 (9th Cir. 2004).  A civil rights claim accrues when the plaintiff knows or should

know of the injury that forms the basis of the cause of action.  *Id.* (quoting *Two Rivers v.

Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir.

1996)).

Here, it is clear that the SOCB's classification of Plaintiff as a violent sexual

predator (VSP), and Defendants' alleged failure to block use of the plea agreement

information from consideration, are the actions and injuries that form the basis of

Plaintiff's causes of action upon which he has been permitted to proceed.  (*See Plaintiff's

Response in Opposition*, Docket No. 27 at pp. 2, 3, 6.)  Plaintiff knew of his alleged

injuries when the SOCB used the information and designated him a violent sexual

predator on January 7, 2004.  However, Plaintiff did not file the present § 1983 action

until June 23, 2008, almost four and a half years after the SOCB made its determination.[6]

---

[5] *Wilson v. Garcia* was later overruled only as to claims brought under the Securities
Exchange Act of 1934, which is not applicable here.

[6] Plaintiff makes reference in his Complaint to the dismissed or uncharged allegations
being used in treatment and parole consideration.  (Complaint,  ¶¶  16, 17, & 27.)  Any claim that
the information contained in the plea agreement was wrongfully used in treatment and parole

Thus, Plaintiff's claims are time-barred, unless he can show that tolling should be applied or that the claims accrued at a later date.

> 2.  Tolling

Plaintiff first argues that his filing of prior cases related to his VSP status in state court tolled the federal statute of limitations.   Plaintiff points to two of these cases.[7]  The first case is *Lightner v. Idaho*, CV-04-0454, in which Plaintiff directly challenged his designation as a VSP in state court.  The Idaho Court of Appeals affirmed the district court's decision upholding the VSP designation on November 21, 2005, and remittitur was entered on January 4, 2006.  *See Lightner v. Idaho*, 127 P.3d 227 (Idaho App. 2005) (Docket No. 17, Ex. A).

Plaintiff also mentions *Lightner v. Idaho*, CV-07-3905, a habeas corpus case regarding his VSP status filed in state district court on April 10, 2007.   The case was recently dismissed, and it is now on appeal.

Here, if Plaintiff were proceeding in habeas corpus, his prior state court actions would work to his advantage to support his tolling argument.  However, unlike the federal

---

consideration would have accrued prior to the date Plaintiff was released on parole, January 26, 2004, just weeks after the VSP designation was made by the SOCB, or at the latest, when his parole was revoked, on January 12, 2006.  This would include only procedural challenges to the parole process (permitted under *Wilkinson v. Dotson*, 544 U.S. 74 (2005)), and not challenges that the SOCB arrived at the wrong outcome (which are presently barred by *Heck v. Humphrey* but which are claims that have not yet accrued, as discussed elsewhere in the body of this Order).

[7] The Court will take judicial notice of the state court register of action in Plaintiff's state court cases.

**REPORT AND RECOMMENDATION - 15**

habeas corpus statute, the civil rights statute, 42 U.S.C. § 1983, does not require prior exhaustion of state court remedies in order to seek a civil rights remedy.  Rather, the opposite is true: "Unless [a federal] remedy is structured to require previous resort to state proceedings, so that the claim may not even be maintained in federal court unless such resort be had,[8] it cannot be assumed that Congress wishes to hold open the independent federal remedy during any period of time necessary to pursue alternative state-court remedies."  *Caliendo v. Rodriguez*, 1994 WL 659183, at *2 (N.D. Ill. 1994).

Given that there is no statutory tolling available to Plaintiff, the Court next considers equitable tolling.  Whether equitable tolling is available in a civil rights action is governed by state law, unless application of state tolling principles would undermine important federal policy.  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

Recently, the Idaho Supreme Court refused to apply tolling in a circumstance somewhat similar to Plaintiff's, observing that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute."  *Wilhelm v. Frampton*, 258 P.3d 310, 312 (Idaho 2007) (internal citation omitted).  In *Wilhem*, the plaintiff asked the court to toll the statute of limitations on a claim against his former attorney for all of the time during which his bar complaint and fee arbitration were pending before the Idaho State Bar, including the time in which a state court appeal was pending challenging the Bar's original decision that it would not hold a fee arbitration

---

[8] *See Love v. Pullman Co.*, 404 U.S. 522 (1972).

because the attorney had refused to consent to binding arbitration.[9]  The Idaho Supreme Court reversed the decision of the state district court, which had held that tolling applied during the plaintiff's pursuit of his Bar proceedings.  The Idaho Supreme Court reasoned that a stay of the action was permissible only "by injunction or statutory prohibition," explaining that "[i]n a situation such as this, the client must file the lawsuit and ask the court to stay it pending the completion of the fee arbitration proceedings."  *Id.  Accord, Karel v. Gee*, 2008 WL 4889936, at *2 (D. Idaho Nov. 12, 2008) (the *Karel* court declined to apply tolling where a plaintiff waited for an Idaho Department of Finance ruling and Idaho Supreme Court ruling before filing a civil rights action in federal court, reasoning that "[a] thorough search of Idaho case law reveals no standard for applying equitable tolling in Idaho outside the context of motions seeking post-conviction relief in criminal matters.").

Only one other Idaho Supreme Court case is similar to the facts of Plaintiff's case–*Lemhi County v. Boise Live Stock Loan Co.*, 278 P. 214, 217 (Idaho 1929). It pre-dates *Wilhelm*, but was not mentioned or specifically overruled by *Wilhem*.  In *Lemhi County v. Boise Live Stock Loan*, the Idaho Supreme Court held that a prior court action will toll the statute of limitations for a later action only if the first action "prevent[s] enforcement of the remedy of [the second] action."  Even if this 1929 case has not been

---

[9]  Tolling does not apply even where it seems an injustice would remain without remedy. For example, in *Wilhelm*, the Bar eventually decided that of the $29,929 that Mr. Wilhelm had paid to his attorney, Mr. Frampton, the attorney services were worth $5,320, and Mr. Wilhelm was entitled to a refund of $24,609.

**REPORT AND RECOMMENDATION - 17**

effectively overruled by *Wilhelm*, it does not apply here.  It is clear that the earlier state

court case challenging Plaintiff's VSP designation was *not* a prerequisite to challenging

the VSP in a civil rights action, and the pendency of that action would not have prevented

Plaintiff from enforcing any remedy obtained in the civil right action.

Finally, the Court considers whether application of Idaho's tolling principles is

inconsistent with federal law.  *Jones v. Blanas*, 393 F.3d at 927.  In *Hardin v. Straub*, 490

U.S. 536, 539 (1998), the United States Supreme Court admonished that the lower federal

courts "should not unravel state limitations rules unless their full application would defeat

the goals of the federal statute at issue."  The Supreme Court identified "§ 1983's chief

goals" as "compensation and deterrence," and its "subsidiary goals" as "uniformity and

federalism."  *Id*. at 539.

Here, although Idaho's view that no equitable tolling exists differs from some

other jurisdictions,[10] the following protections remain available.  Idaho statutorily tolls the

_____

[10]  Compare California equitable tolling principles, outlined in *Jones v. Blanas*:
Equitable tolling under California law "'operates independently of the
literal wording of the Code of Civil Procedure' to suspend or extend a statute of
limitations as necessary to ensure fundamental practicality and fairness." *Lantzy
v. Centex Homes*, 31 Cal.4th 363, 2 Cal.Rptr.3d 655, 660, 73 P.3d 517, 523
(2003) (citation and internal quotation marks omitted). The purpose of
California's equitable tolling doctrine "is to soften the harsh impact of technical
rules which might otherwise prevent a good faith litigant from having a day in
court." *Daviton v. Columbia/HCA Healthcare Corp*., 241 F.3d 1131, 1137(9th
Cir. 2001) (en banc) (quoting Addison v. State, 21 Cal.3d 313, 146 Cal.Rptr. 224,
225, 578 P.2d 941, 942 (1978)) (internal quotation marks omitted). Thus
California courts apply equitable tolling "to prevent the unjust technical forfeiture
of causes of action, where the defendant would suffer no prejudice." *Lantzy*, 2
Cal.Rptr.3d at 660, 73 P.3d at 523. Application of California's equitable tolling
doctrine "requires a balancing of the injustice to the plaintiff occasioned by the

limitations  period for a person's minority status or insanity. I.C. § 5-230.  Early filing of

a case pending resolution of a previous case will not necessarily result in dismissal in

Idaho, but rather a stay or injunction is available to preserve one's rights.  *Wilhelm*, 158

P.3d at 312.  Finally, the theory of equitable estoppel is available.  While it "does not

'extend' a statute of limitation," it works in a similar manner to prevent a party who has

falsely represented or concealed a material fact with actual or constructive knowledge of

the truth "from pleading and utilizing the statute of limitations as a bar, although the time

limit of the statue may have already run."  *J.R. Simplot Co., v. Chemetics International,*

*Inc*., 887 P.2d 1039, 1041 (Idaho 1994).

  With these protections in place in Idaho, and under the factual circumstances of

this case, this Court concludes that Idaho's tolling principles do not defeat the purposes of

§ 1983–compensation, deterrence, uniformity, and federalism.  The pendency of

Plaintiff's state cases did not prevent enforcement of the remedy available in a civil rights

action, and that the remedies are separate and independent.  Plaintiff was not required to

file his claims in state court first. Plaintiff was free to challenge the SOCB's VSP

classification as soon as it was issued by the SOCB in January 2004.  He did not have to

wait for the state courts to affirm the SOCB's decision.  Moreover, the mere fact that

---

    bar of his claim against the effect upon the important public interest or policy
    expressed by the ... limitations statute." *Id*. at 660, 73 P.3d at 524 (quoting
    *Addison*, 146 Cal.Rptr. at 228, 578 P.2d at 945) (internal quotation marks
    omitted) (omission in original).
393 F.3d at 928.

**REPORT AND RECOMMENDATION - 19**

Plaintiff had cases pending in state court did not, at any time, prevent him from filing his present claims in federal court.   Based on the foregoing principles and because Plaintiff chose to file his actions when and as he did, the Court rejects Plaintiff's argument that his state lawsuits tolled the statute of limitations.

3.      Accrual As a Result of Other Defendants' Actions During State Court Proceedings and Review of Applicable Immunity Principles

Plaintiff argues alternatively that his statute of limitations did not begin until his civil rights were violated by the state district judges (James Judd and Gerald Schroeder), and that the judges' acts occurred within two years of the filing of this federal civil rights case.

Even if the claims against the judges were timely and not barred by *Rooker-Feldman*, the claims are barred by immunity.  Section 1983 expressly immunizes judicial officers from injunctive relief for actions taken in their judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff does not contend that the state district court violated any "declaratory decree," nor did he allege or demonstrate that "declaratory relief was unavailable" in the state court action.  Failure to get one's desired decision in state court does not constitute "unavailability" of relief.  Therefore, even if Plaintiff had a cause of action that arose during the two years prior to the filing of Plaintiff's federal complaint against the state court judges, he may not proceed on declaratory or injunctive relief claims against the judges because such actions are expressly excluded by the language of § 1983.

**REPORT AND RECOMMENDATION - 20**

Similarly, any claim for monetary damages against the judges is barred by absolute judicial immunity, as Judge Winmill previously determined.  In any event, any actions the state court judges performed after 2006 do *not* extend the statute of limitations accrual date for claims *against the other defendants*, who last acted with regard to Plaintiff in 2004.

### 4.    Accrual under Continuing Tort Theory

Plaintiff also argues that Defendants' actions constitute "continuing violations" under a continuing tort theory, which prevented the applicable statute of limitations from running.  This is not an equitable tolling argument governed by state law, but an accrual argument governed by federal law.  *See Gowin v. Altmiller*, 663 F.2d 820, 822 (9th Cir. 1981) (in a § 1983 case arising from Idaho, the court noted that "[f]ederal law. . . determines when the limitations period begins to run.").  In *Gowin*, the Court held that the statute of limitations begins to run when the "last act complained of . . . occurred."

In *Hosea v. Langley*, 2006 WL 314454 (S.D. Ala. 2006), the United States District Court for the Southern District of Alabama rejected the plaintiff's reliance on state law underlying his argument that the federal court should apply Alabama's continuing tort doctrine in a § 1983 action, stating: " Plaintiffs identify no authority and offer no explanation for how Alabama's continuous tort doctrine has any impact on the accrual of plaintiffs' federal causes of action under §§ 1982, 1983 and 1985."  *Id*. at *17.  That court then concluded that even if the doctrine were available, it did not apply to the facts of the plaintiffs' case.  This Court likewise holds that Idaho's continuous tort doctrine is

inapplicable to *accrual*, a federal law question, and that, even if it did apply, it does not save Plaintiff's causes of action from being untimely.

Here, Plaintiff relies on the facts that he has repeatedly filed claims in state and federal courts challenging his VSP classification and that he has experienced a series of damages due to his VSP status.[11]   Under Idaho law, "[a] continuing tort has been defined as: 'one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action.  A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not continual ill effects from an original violation.'" *Cobbley v. City of Challis*, 59 P.3d 959, 962-63 (2002) (quoting *Curtis v. Firth*, 850 P.2d 749, 754 (Idaho 1993)).  The continuing violations doctrine applies only when "no single incident in a continuous chain of tortious activity can 'fairly or realistically be identified as the cause of significant harm.'" *Johnson v. McPhee*, 210 P.3d 563, 571 (Idaho Ct. App. 2009) (quoting *Curtis*, 850 P.2d at 754)).  The Idaho Supreme Court has explained that "it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action," and "the plaintiff

---

[11] Plaintiff states that his classification as a VSP has subjected him to stigma and severe scrutiny from society, as well as damaged his name and ability to live safely in society. He argues that he is held to a higher standard than other sex offenders and is required to pay additional registration fees.  Plaintiff points out that while he was on parole he was repeatedly evicted or forced to move due to his VSP status and the requirement that his photograph be published in local newspapers. He also avers that due to his VSP status his life was threatened and this led to his absconder while on parole, which in turn resulted in him being placed on the television show, *America's Most Wanted*.

has a complete and present cause of action when he can file suit and obtain relief."

*McCabe v. Craven*, 188 P.3d 896, 899 (2008) (internal citation and punctuation omitted).

Looking to other jurisdictions that have specifically addressed a theory similar to Plaintiff's–that a wrongful *change of status* constitutes a continuing violation–the Court finds that such theories have been consistently rejected. *See Edes v. Verizon Communications, Inc*., 417 F.3d 133, 139 (1st Cir. 2005) (reasoning that the plaintiff's allegedly wrongful change of status to a person ineligible for ERISA benefits is not a continuing tort because it constitutes a single act); *Berry v. Allstate Ins. Co.*, 252 F.Supp.2d 336, 345-46 (E.D.Tex. 2003) ("Allstate's refusal to allow Plaintiffs to participate in its benefit plans was the single act that served as the basis for the alleged wrongful discrimination."); *Russell v. Bd. of Trustees of Firemen*, 968 F.2d 489, 493 (5th Cir. 1992) ("the question is: did the original discriminatory act [terminating benefits] have the degree of permanence that should trigger the claimant's awareness of and duty to assert her rights[?]."); *Potter v. ICI Americas Inc*., 103 F.Supp.2d 1062, 1074 (S.D.Ind. 1999) ("it is the adverse employment decision, that is, the change in employment status that indicates that the employer may be discriminating against a plaintiff's ability to collect benefits, that starts the clock ticking, not when a plaintiff is ultimately denied those benefits"); *Teumer v. Gen. Motors Corp*., 34 F.3d 542 (7th Cir. 1994) ("Teumer's § 510 claim challenging the legality of his layoff accrued in 1986 when the layoff occurred and he found out about it, and is time-barred since this suit was originally filed in 1992.").

These cases are sufficiently analogous here to support rejection of Plaintiff's continuing violation theory.

The SOCB's determination that Plaintiff should be classified as a VSP is fairly and realistically the cause of Plaintiff's alleged harm.  Defendants' alleged wrongdoing was not inflicted over a period of time or repeated.  Rather, Defendants' action was a discrete and insular event.  No Defendant has taken any action against Plaintiff since January 7, 2004, the date they (as members of the SOCB) classified Plaintiff as a VSP.  Plaintiff has simply pled continuing "ill effects" that have resulted from being designated a VSP.  He has not demonstrated any continuing wrongful acts by Defendants.  Further, the fact that Plaintiff has previously and repeatedly challenged his VSP status in other legal actions does not provide any evidence of a continuing violation.

### 5.      Intervening Change in Law

Finally, the Court addresses Plaintiff's argument that the fact that the Idaho Supreme Court recently held the VSP procedures constitutionally insufficient should provide a basis for equitable tolling here.  *See Smith v. State*, 203 P.3d 1221 (Idaho 2009).[12]  However, after a search of case law in both Idaho and the federal judiciary, the Court finds no case holding that an intervening change in the law can resurrect an untimely civil rights claim.  *Cf. Torres v. I.N.S.*, 144 F.3d 472, 475 (7th Cir. 1998) (rejecting the idea that application of a statute of limitations should be tolled "for as long

---

[12]  In Plaintiff's Response, he also appears to treat *Smith* as a substantive basis for a claim, rather than simply a ground for tolling, but such a claim does not appear in his Complaint, because the Complaint pre-dated *Smith*.

**REPORT AND RECOMMENDATION - 24**

as is necessary to enable an average practitioner to learn of a new statute and conform his client's conduct to it," because such a "rule would make mincemeat of the time limits for commencing lawsuits."). *Habeas corpus* law has a statutory tolling provision for a retroactive new change in the law, *see* 28 U.S.C. 2244(d)(1)(C), but this is not a habeas corpus case.

Therefore, under the principles set forth above, Plaintiff cannot show that something beyond his control prevented him from timely presenting the civil rights claims upon which he has been permitted to proceed. After the 2004 VSP designation, he could have presented a procedural due process challenge in his state-court case, and/or in an independent federal civil rights case. Plaintiff cannot argue that such a claim was not available to him at that time; rather, as noted above, he selected pursuit of one independent remedy rather than another.

      6.    <u>Facial Challenge to Statute</u>

Plaintiff has also brought a void-for-vagueness challenge to the VSP statue and seems to suggest that it is a continuing violation that can be challenged at any time. The void-for-vagueness doctrine arises from the Due Process Clause of the Fourteenth Amendment, incorporating "notions of fair notice or warning." *Smith v. Goguen*, 415 U.S. 566, 572-73 (1974).

Only First Amendment facial constitutional challenges have been given such leeway. In *Maldonado v. Harris*, 370 F.3d 945 (9th Cir. 2004), the Ninth Circuit Court of Appeals declared that it "join[s] the Fourth Circuit in expressing serious doubts that a

facial challenge under the First Amendment can ever be barred by a statute of limitations." *Id*. at 955 (noting that "a significant number of district courts have held that facial challenges under the First Amendment are not subject to the statutes of limitation applicable to § 1983 actions," cataloguing cases).

In the context of an inmate First Amendment claim, the United States District Court for the Northern District of California recently considered the *Maldonado* decision regarding facial challenges, and concluded:

> The Ninth Circuit expressed "serious doubts," rather than declaring a new rule: "whether a statute of limitations for § 1983 actions can bar a facial challenge under the First Amendment to a state statute appears to be a question that has not been conclusively resolved by any Circuit court." *Maldonado*, 370 F.3d at 955. Because *Maldonado* did not announce a rule regarding the application of statutes of limitations to facial First Amendment challenges, it does not undermine Defendants' procedural argument here.

*Redd v. Alameida*, 2008 WL 4078415, at *3 (N.D. Ca. 2008).  The *Redd* Court rejected the plaintiff's argument that no statute of limitations applied to his First Amendment claim and dismissed the case on untimeliness grounds.

In the Fifth Amendment case of *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680 (9th Cir. 1993), the Court held that facial challenge claims under the Fifth Amendment accrue when the legislation is enacted, and suggested that a facial challenge under other Constitutional provisions accrues at the same time an as-applied challenge accrues:

> Levald argues that because in other contexts the Supreme Court has allowed challenges to statutes long after they were enacted, Levald should be allowed to bring an action challenging the enactment of a statute as a taking without just compensation at any point. This argument

misapprehends the differences between a statute that effects a taking and a
statute that inflicts some other kind of harm. In other contexts, the harm
inflicted by the statute is continuing, or does not occur until the statute is
enforced-in other words, until it is applied. In the takings context, the basis
of a facial challenge is that the very enactment of the statute has reduced the
value of the property or has effected a transfer of a property interest. This is
a single harm, measurable and compensable when the statute is passed.
Thus, it is not inconsistent to say that different rules adhere in the facial
takings context and other contexts.

*Id.* at 688.  In *Levald*, the Court held that the facial challenge was time-barred.

This Court agrees with the decisions in *Redd* and *Levald* that there is no current

precedent firmly establishing that facial challenges have no statute of limitations.  Rather,

in the context of Plaintiff's particular claims, as instructed by the holding in *Levald*, the

Court concludes that Plaintiff's facial challenge accrued when his as-applied challenge

accrued, on January 7, 2004, when the SOCB designated Plaintiff a VSP, or, at the latest,

on January 4, 2006, when the Idaho Court of Appeals' decision became final.

Accordingly, Plaintiff's facial challenge to the VSP statue is time-barred, and the claim

should be dismissed.

### F.   Conclusion

The Court has liberally construed Plaintiff's Complaint and arguments in favor of

timeliness and tolling.  The facts supporting Plaintiff's arguments are not disputed.  As set

forth above, Claims 1, 2, 3, and 4 are barred by the *Rooker-Feldman* doctrine, or,

alternatively, by the statute of limitations.  The claims calling into question Plaintiff's

conviction or parole revocation are barred by *Heck v. Humphrey*.  Any remaining claims

are subject to dismissal on immunity or statute of limitations grounds.  Neither equitable

**REPORT AND RECOMMENDATION - 27**

tolling nor application of a continuing tort theory, if one exists under federal accrual

principles, renders Plaintiff's claims timely.

## RECOMMENDATION

This Court recommends that the District Court grant Defendants' Motion to

Dismiss (Docket No. 17) and dismiss Plaintiff's entire complaint.  The claims subject to

the defenses of immunity and the statute of limitations should be dismissed with

prejudice,[13] and the claims presently barred by *Heck v. Humphrey*[14] should be dismissed

without prejudice.

The parties are hereby informed that written objections to this Report and

Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636 and

District of Idaho Local Civil Rule 72.1(b).  If written objections are not filed within the

---

[13]  Dismissals under the *Rooker-Feldman* doctrine are dismissals for lack of subject matter jurisdiction.  *Kougasian v. TMSL*, 359 F.3d 1136, 1139 (9th Cir. 2004).  As a result, they should be dismissed without prejudice so that the claims can be asserted in a court of competent jurisdiction.  *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).  Here, however, the § 1983 claims are barred by the statute of limitations and subject to dismissal with prejudice.  By recommending that the § 1983 claims be dismissed with prejudice, the Court is not implying that an alternative state law remedy or claim is foreclosed.

[14]  *See Heck*, 512 U.S. at 489 (Section 1983 claim does not arise until state challenge is successful).

**REPORT AND RECOMMENDATION - 28**

specified time, the right to raise factual and/or legal objections in the United States Court of Appeals for the Ninth Circuit may be waived.



DATED:  **August 6, 2009**

Honorable Ronald E. Bush
U. S. Magistrate Judge