IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM LIGHTNER, ) | |
| ) | Case No. 08-CV-00259-BLW-REB |
| Plaintiff, ) | |
| ) | **ORDER ADOPTING** |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| PAMELA HUNTSMAN, ) | |
| THOMAS HEARN, GARY ) | |
| HORTON, AND MOSELCLENE ) | |
| SUNDERLAND ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court in this prisoner civil rights matter is a Report and Recommendation filed by United States Magistrate Judge Ronald E. Bush, recommending that Defendants' Motion to Dismiss be granted. (Docket No. 30.) Specifically, the Magistrate Judge has concluded that subject matter jurisdiction is lacking over Claims 1-4 in Plaintiff's Complaint, and, alternatively, that all claims are barred by the statute of limitations. The Magistrate Judge has further concluded that any claims calling into question Plaintiff's conviction or parole revocation are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). (Docket No. 30, pp. 28-29.) Plaintiff has filed a timely Objection to the Report and Recommendation (Docket No. 31), and the Court now reviews Plaintiff's

**ORDER ADOPTING REPORT AND RECOMMENDATION - 1**

objections in accordance with 28 U.S.C. § 636(b)(1)(C).

As an initial matter, Plaintiff argues that because his Application to Proceed In Forma Pauperis was denied, and because he paid the full filing fee, he was "exempt from 28 U.S.C. § 1915 review" and "[t]his Court should have allowed the case to proceed without delaying it until Plaintiff paid the full filing fee." (Docket No. 31, p. 6-7) Plaintiff has not indicated how this argument is relevant to any issue in the Report and Recommendation. At any rate, he is incorrect on the law; a federal court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" to determine whether it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. This screening provision applies regardless whether the prisoner has been granted permission to proceed in forma pauperis.

Relying on the *Rooker-Feldman* doctrine,[1] the Magistrate Judge recommends dismissal of Claims 1, 2, 3, and 4 for lack of subject matter jurisdiction because, in those claims, Plaintiff is challenging the state appellate

---

[1] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

**ORDER ADOPTING REPORT AND RECOMMENDATION - 2**

court's adverse judgment.  (Docket No. 31, pp. 6-11.)  Plaintiff objects, arguing that "reliance on the *Rooker-Feldman* doctrine is misplaced as the claims are new claims and should be allowed to proceed."  (Docket No. 31, p. 8.)  To the extent that Plaintiff is suggesting that only claims that are actually adjudicated in the state court action are barred, the Court agrees with the Magistrate Judge that *Rooker-Feldman* bars all claims that could have been raised in light of the issues that were presented in the state court matter.  *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900-01 (9th Cir. 2003).

     Plaintiff next contends that Idaho Code § 18-8301 is unconstitutional.  This is a merits-based argument that is not relevant to the Recommendation that Defendants' Motion to Dismiss be granted on procedural grounds.

     Plaintiff objects to the Magistrate Judge's conclusion that the rule from *Heck v. Humphrey* bars those claims on which success would necessarily imply the invalidity of his conviction or his parole revocation.  This Court concurs with the Magistrate Judge that while Plaintiff's challenge to his designation as a Violent Sexual Predator (VSP), a civil matter, does not implicate *Heck,* any claims related to the state court's decision to revoke his parole or not reinstate him on parole would be barred under *Heck*.

     For his final objection, Plaintiff appears to argue that the continuing tort

**ORDER ADOPTING REPORT AND RECOMMENDATION - 3**

doctrine saves his claims from untimeliness. (Docket No. 31, p. 17.) He also contends that the Idaho Supreme Court's decision in *Smith v. State*, 203 P.3d 1221 (Idaho 2009), finding certain procedural infirmities in the VSP statutory scheme, was a material and intervening change in the law such that it can serve as "cause" for his failure to comply with the statute of limitations.

The Court has reviewed the Magistrate Judge's analysis on these issues, finds it to be well-reasoned, and adopts it here. The continuing tort theory would not apply to determining when the cause of action accrued, but even if it did, the Sexual Offender Classification Board's designation of Plaintiff as a VSP in 2004 is the root cause of the alleged harm, and no remaining Defendant has taken action against Plaintiff since that designation. While Plaintiff has cited habeas corpus cases to support his argument that an intervening change in the law can excuse a procedural default, he has provided no authority to undermine the Magistrate Judge's conclusion that it "finds no case holding that an intervening change in the law can resurrect an untimely civil rights claim." (Docket No. 30, p. 24.)

All other objections, expressed or implied, are without merit and will be denied without further comment.

For these reasons, the Court shall adopt the Magistrate Judge's Report and Recommendation in full, and this case shall be dismissed.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 4**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation (Docket No. 30) is ADOPTED in full.

IT IS FURTHER HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. 17) is GRANTED.



DATED:  **September 23, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION - 5**